Melvin **LOMAX**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18377.

United States Court of Appeals District of Columbia Circuit.

Argued May 20, 1964.

Decided June 25, 1964.

---

Mr. Paul A. Porter, Washington, D. C. with whom Mr. Thomas G. Fisher, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. David Epstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Barry Sidman, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and FAHY, Circuit Judge.

## PER CURIAM.

Lomax appeals from a conviction of robbery. The victim and one eyewitness testified that Lomax was present but played no active role in the robbery. Shortly afterward Lomax was in possession of what the victim said was the stolen money.

Another eyewitness, Campbell, in giving his testimony, pointed to people in the courtroom without naming them. He may have said Lomax struck the victim but the record is not clear that he did. In closing argument the prosecutor, whose recollection was supported by the trial court's, said Campbell did so testify; defense counsel disagreed.

If Campbell meant Lomax struck a blow, there would be sufficient evidence to require affirmance. If Campbell did not mean that, the question would arise whether the jury could reasonably find, from the testimony of the other witnesses, that Lomax was guilty of robbery and was not merely an accessory after the fact. But in the latter event we would have to reverse without deciding whether the other witnesses' testimony was sufficient because the trial court's recollection that Campbell testified that Lomax struck a blow would be error prejudicing the jury's consideration of the evidence.

Choosing between these versions of the record would require a degree of speculation which fairness forbids. There should be a new trial so that it will not be necessary to speculate about Campbell's testimony. See Garguilo v. United States, 310 F.2d 249 (2d Cir. 1962).

Reversed and remanded.

EDGERTON, Senior Circuit Judge.

I concur in the result because, as all agree, we cannot be certain that Campbell implicated Lomax in the robbery, and in my opinion the jury could not reasonably think the testimony of the other witnesses proved beyond a reasonable doubt that Lomax was guilty of robbery and was not merely an accessory after the fact.